J-S54019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZHAIRE N. DEKEYSER | : | |
| | : | |
| Appellant | : | No. 705 MDA 2020 |

Appeal from the PCRA Order Entered May 5, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004545-2014

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 09, 2021**

Zhaire N. Dekeyser appeals from the denial of his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. He claims that the PCRA court erred in rejecting his claim that trial counsel was ineffective for failing to call alibi witnesses. We affirm.

Dekeyser was tried by a jury on August 17, 2015, on charges of first-degree murder and other offenses. His defense was that he had an alibi, and his sole alibi witness was his grandmother, Barbara McClure ("Grandmother"). Grandmother testified that Dekeyser and her other grandchildren lived with her. N.T., Jury Trial, 8/20/15, at 19. She said that on the night of the killing, they were moving into a new home and that she remembered Dekeyser being there and unpacking boxes with his sister. *Id.* at 19, 20. She also recalled that it was snowing that night. *Id.* at 21. On cross-examination, however, the prosecution presented her with a picture of the crime scene, which

Grandmother agreed did not show any snow on the ground. *Id.* at 35. Grandmother then conceded that she and the Commonwealth could not be referring to the same day. *Id.*

The jury deadlocked and the trial court declared a mistrial due to a hung jury. The Commonwealth retried Dekeyser, and at his second trial, defense counsel did not present any alibi witnesses. The second jury found Dekeyser guilty on January 15, 2016, of first-degree murder, robbery, and conspiracy to commit robbery.[1] The trial court sentenced him to life without parole for first-degree murder and concurrent terms of seven to 20 years' incarceration for the additional convictions. This Court affirmed the judgment of sentence. *See Commonwealth v. Dekeyser*, 2017 WL 587324, (Pa.Super. 2017) (unpublished memorandum). Dekeyser did not seek review in the Pennsylvania Supreme Court.

He filed a timely *pro se* PCRA petition, on March 15, 2018, and appointed counsel filed an amended petition claiming trial counsel had rendered ineffective assistance at the second trial by failing to present the testimony of two alibi witnesses, Grandmother and Dekeyser's sister, Zakiyyah Dekeyser ("Sister"). *See* PCRA Petition, filed 7/30/19, at ¶¶ 2, 21-22, 24; N.T., Jury Trial, 8/20/15, at 19. Dekeyser alleged that trial counsel told Grandmother that she did not need to testify at the second trial because of her health issues. PCRA Petition at ¶ 23. The petition also alleged that both Grandmother and

---

[1] 18 Pa.C.S.A. §§ 2502(a)), 3701(a)(1)(i), and 903, respectively.

Sister would have testified that Dekeyser was with them on the night of the murder. *Id.* at ¶¶ 21, 24. Dekeyser alleged that counsel's failure to call the witnesses prejudiced him because his defense at trial was that he was not present during the murder. *Id.* at ¶ 27.

The PCRA court held an evidentiary hearing at which Sister and trial counsel testified. Grandmother was not called as a witness because she had died. *See* Dekeyser's Reply Br. at 4-5. Sister testified that she was with Dekeyser at their home on the night of the murder and they were unpacking from moving into their new home with their grandmother. N.T., PCRA Hearing, 1/13/20, at 5, 6. She testified that she arrived at the house around 7:30 p.m. and that there was snow on the ground. *Id.* at 5. She said that trial counsel never asked her to testify but that she was willing and available to testify. *Id.*

Trial counsel testified that he did not call Grandmother as a witness for the second trial because at the first trial, the Commonwealth "cross-examined her so fully, if she didn't flat out say it she certainly did say, close to admitting to lying, or at least being gravely mistaken." *Id.* at 13. Trial counsel did not recall being told that Sister was Grandmother's granddaughter and said that he did not believe it to be a sound trial strategy to have Sister present testimony that would have been essentially the same as Grandmother's testimony at the first trial. *Id.* at 14.

The PCRA court denied Dekeyser's PCRA petition, concluding that he had failed to carry his burden of proving ineffective assistance of counsel. It determined that counsel's decision not to call the suggested alibi witnesses

"was a matter of appropriate trial strategy." Memorandum Opinion and Order, filed 5/4/20, at 7. It pointed out that Sister admitted that she "would have attested to the same scenario that her grandmother did, which relied on the event of an evening that turned out to be a different one than the night of the murder." *Id.* The court found that the absence of Sister's testimony was "not so prejudicial as to deny [Dekeyser] a fair trial," and that Dekeyser failed to show how her testimony would have been beneficial. *Id.* at 8.

Dekeyser filed the instant appeal and raises the following issue: "Did the PCRA court err when it held that [Dekeyser] was not entitled to relief for ineffective assistance of counsel, when trial counsel failed to investigate or call an alibi witness, Zakiyyah Dekeyser." Dekeyser's Br. at 4.

When reviewing the grant or denial of PCRA relief, this Court determines "whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We give deference to the PCRA court's credibility determinations and review its legal conclusions *de novo*. *Id.*

A court may grant PCRA relief where a petitioner pleads and proves by a preponderance of evidence the ineffective assistance of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). To succeed on such a claim, the petitioner must overcome the presumption that counsel is effective. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). To do so, the petitioner must plead and prove that: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis

designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." **Id.** Prejudice is present where the petitioner shows "that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." **Id.** Failure to satisfy any of the ineffectiveness factors requires a denial of the claim. **Commonwealth v. Collins**, 957 A.2d 237, 245 (Pa. 2008).

Where a petitioner claims that counsel failed to call a potential witness, the petitioner must show that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Johnson**, 966 A.2d at 536 (quoting **Commonwealth v. Washington**, 927 A.2d 586, 599 (Pa. 2007)). As to the prejudice prong, the petitioner must show that the uncalled witness's testimony would have been beneficial under the circumstances of the case. **Id.**

Dekeyser claims that "trial counsel was ineffective for failing to either call, [or] investigate the possibility of calling, his sister, Zakiyyah Dekeyser (the "Prospective Witness") as an alibi witness during his second trial." Dekeyser's Br. at 12. He maintains that because the Commonwealth's witness who originally identified Dekeyser as the shooter recanted during trial and

testified that Dekeyser was not the shooter, there was no reasonable basis for counsel not to call an alibi witness. *Id.* at 19.

The PCRA court's conclusion that Dekeyser failed to establish prejudice is supported by the record and is free from legal error. Though Dekeyser claims that Sister's testimony would have buttressed the testimony that Dekeyser was not the shooter, he disregards the fact that she would have been subject to the same impeachment as Grandmother, that they were mistaken as to the day in question. Moreover, he ignores the overwhelming evidence against him. As we noted in our decision on Dekeyser's direct appeal, despite the identifying witness's recantation, there was ample evidence of Dekeyser's involvement in the murder of the victim.

> The prosecution presented a cohesive theory supported by evidence suggesting that [Dekeyser] and [his co-defendant] arranged a fake drug deal to meet the victim and rob him. The Commonwealth presented phone records showing that [his co-defendant] called the victim's cell phone several times just minutes before the murder. As the victim was a drug dealer, his girlfriend inferred that the individuals calling the victim wanted to engage in a drug transaction. The victim then met with [the co-defendant] and [Dekeyser], presumably to sell them drugs. Mr. Chase, an eyewitness to this meeting, testified that he observed [the co-defendant] and [Dekeyser], "tussling" with the victim, heard [the co-defendant] yell for [Dekeyser] to shoot the victim, and saw [Dekeyser] shoot the victim. Police discovered drugs and [the co-defendant's] cell phone in the victim's vehicle.

*Dekeyser*, 2017 WL 587324 at *4.

Furthermore, even though the prosecution's identification witness recanted at trial, the Commonwealth introduced his statement to police and

his testimony from the preliminary hearing in which he identified Dekeyser as the shooter. *See* N.T., Jury Trial, 1/13/16, at 37-38, 41-42, and 44-51. In view of this evidence, and the strong impeachment available to the prosecution, Dekeyser has not shown prejudice. We affirm the denial of Dekeyser's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2021